UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

TORRY JAY TURNER #603403,

        Plaintiff,                Case No. 2:09-cv-187

v.                                          Honorable R. Allan Edgar

JACKIE NADEAU, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

# Discussion

I.  Factual allegations

Plaintiff Torry Jay Turner #603403, an inmate at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Deputy Warden Jackie Nadeau, Resident Unit Manager D. Mansfield, Administrative Law Examiner Unknown Robbins, Hearing Investigator R. Brehm, Resident Unit Officer T. Trotter, Librarian K. Woods, Law Library Manager A. Winnicki, and Hearing Administrator Richard Stapleton.

Plaintiff alleges in his complaint that on April 30, 2009, Defendant Trotter wrote a major misconduct ticket on Plaintiff alleging sexual misconduct. Plaintiff requested camera evidence and made a statement for the hearing. During the hearing, Defendant Robbins considered the major misconduct report, the statement by Plaintiff and the questionnaire from Defendant Trotter and found Plaintiff guilty. Plaintiff requested a rehearing, asserting the denial of camera evidence. Defendant Stapleton denied Plaintiff's request, falsely stating that Plaintiff had not requested such evidence be presented at his initial hearing.

Plaintiff alleges that on June 16, 2009, Defendant Woods wrote a major misconduct ticket on him for the destruction or misuse of property. Plaintiff was found guilty following a hearing by Defendant Robbins, which included consideration of the misconduct report, Plaintiff's statement, the library check-out sheet, photos of the Michigan Appeals Reporter 187, which was allegedly damaged by Plaintiff, and the hearing questionnaire from Defendant Woods. Plaintiff's request for rehearing was denied by Defendant Stapleton. On July 10, 2009, Defendant Winnicki wrote a major misconduct on Plaintiff for masturbating in the library. Defendant Robbins conducted

a hearing on the misconduct ticket and found Plaintiff guilty. Plaintiff requested a rehearing, which was denied by Defendant Stapleton.

On July 22, 2009, Defendants Nadeau and Mansfield issued a security reclassification notice, asserting that Plaintiff had been found guilty of misuse of property valued at $10 or more on July 1, 2009, and sexual misconduct on July 15, 2009. Plaintiff was subsequently reclassified to administrative segregation. Plaintiff states that Defendants' conduct violated his due process rights. Plaintiff seeks damages, as well as declaratory and injunctive relief.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants' conduct violated his due process rights and resulted in his placement in administrative segregation. The United States Supreme Court addressed this issue in *Wilkinson v. Austin*, 545 U.S. 209, 125 S. Ct. 2384 (2005). In *Wilkinson v. Austin*, the Court found that the plaintiff had a liberty interest in avoiding assignment in Ohio's supermax prison because it involved the deprivation of almost all human contact, even to the point that conversation is not permitted between cells. In addition, the light is on for 24 hours, although it may be dimmed, exercise is for 1 hour per day, but only in a small indoor room, and review of such placement occurs annually after the initial 30-day review. Finally, the Supreme Court noted that in Ohio, such a placement disqualifies an otherwise eligible inmate for parole consideration. *Id.* 125 S. Ct. at 2394-95.

However, the Supreme Court in *Wilkinson v. Austin* made it clear that the determination of whether an inmate has a liberty interest in avoiding a particular condition of confinement or a particular institutional placement continues to be governed by *Sandin v. Conner*, 515 U.S. 472 (1995), and that such interests will generally be limited to:

> freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin*, 515 U.S. at 484. In *Wilkinson v. Austin*, the Supreme Court went on to find that Ohio's informal, nonadversary procedures for placement in the supermax prison were adequate to safeguard Plaintiff's liberty interest. *Wilkinson v. Austin*, 125 S. Ct. at 2397.

The court notes that Plaintiff has only been confined to administrative segregation since July 22, 2009, a period of less than six months. Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). Plaintiff has failed to make any allegations that his segregation is "atypical and significant." Consequently, the court concludes that no liberty interest is implicated by his placement.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     11/9/09                              */s/ R. Allan Edgar*
                                                R. Allan Edgar
                                                United States District Judge